UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDERON, LLC, | Case No.: 1:12-cv-00966 - AWI - JLT |
| Plaintiff, | ORDER REMANDING THE MATTER TO KERN COUNTY SUPERIOR COURT |
| v. | |
| PATRICK SUMLIN, et al., | |
| Defendants. | |

Patrick Sumlin and Edith Sumlin ("Defendants") seek removal of an unlawful detainer action filed by Plaintiff Landeron, LLC ("Plaintiff") in Kern County Superior Court. (Doc. 1). For the following reasons, the action is **REMANDED** to Kern County Superior Court.

**1.   Procedural History**

Plaintiff commenced this action by filing a summons and complaint for unlawful detainer pursuant to Cal. Cal. Code of Civ. Pro. § 1161a(b)(3) in Kern County Superior Court against Defendants on April 19, 2012, in Case No. S-1500-CL-267646. (Doc. 1 at 7-11). The matter was scheduled for trial on June 18, 2012.[1] Defendants filed a notice of removal of the action on June 14,

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of a state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981); *see also*

1

2012, thereby commencing the action in this court. (Doc. 1). Defendants contend the Court has subject matter jurisdiction over the matter, because "Plaintiff has actually filed a Federal Question action in State Court." (Doc. 1 at 2).

## II.     Removal Jurisdiction

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading. *Id.* at § 1446(b). Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). If there is any doubt as to the right of removal, "federal jurisdiction must be rejected." *Duncan*, 76 F.3d at 1485.

The district court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *see also Kelton Arms Condo. Homeowners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192-93 (9th Cir. 2003) (noting a distinction between procedural and jurisdictional defects and holding that a "district court *must* remand if it lacks jurisdiction").

---

*Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236m 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980). Therefore, judicial notice is taken of the court's docket in Case No. S-1500-CL-267646.

Consequently, the Sixth Circuit explained that a court "can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has a filed a motion." *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995).

### III.    Discussion and Analysis

The determination of subject matter jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392). Therefore, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

Although Defendant argues Plaintiff raised a federal cause of action in the complaint, the only cause of action alleged in the complaint is for unlawful detainer. (*See* Doc. 1 at 8). Significantly, an unlawful detainer action does not arise under federal law, but arises instead under state law. *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court"); *Deutsche Bank Nat'l Trust Co v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law"). Thus, because the only claim appearing on the face of the complaint is unlawful detainer, Plaintiff has not raised a claim that invokes federal subject matter jurisdiction.

Defendant seeks to invoke federal jurisdiction because he claims Plaintiff has violated the Protecting Tenants at Foreclosure Act of 2009. (Doc. 1 at 2-5). According to Defendant, this is "not a defense, but the entire basis for the action to eject a bona fide residential tenant of a foreclosed landlord." *Id.* at 5 (emphasis omitted). However, this Court has explained previously that claims regarding the Protecting Tenants at Foreclosure Act "are best characterized as defenses or potential counterclaims; neither of which are considered in evaluating whether a federal question appears on the face of a plaintiff's complaint. *First Northern Bank of Dixon v. Hatanaka*, , 2011 U.S. Dist. LEXIS

3

145066, at *11-12 (E.D. Cal. Dec.16, 2011) (citing *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009)). Moreover, "federal district courts have held that the Protecting Tenants at Foreclosure Act does not create a federal private right of action." *Aurora Loan Servs., LLC v. Montoya*, 2011 U.S. Dist. LEXIS 129905, at *7, n. 3 (E.D. Cal., Nov. 9, 2011).  Accordingly, the Court is unable to find it has jurisdiction over the action based upon Defendant's claim that Plaintiff violated the Protecting Tenants at Foreclosure Act.

## IV. Conclusion and Order

As discussed above, the Court lacks jurisdiction over this matter, because there is no federal question appearing in Plaintiff's complaint.  Therefore, Court cannot exercise jurisdiction over this action, and the matter must be remanded.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); *see also Kelton Arms Condo. Homeowners Ass'n*, 346 F.3d at 1192-93 ("district court *must* remand if it lacks jurisdiction").

Accordingly, **IT IS HEREBY ORDERED**:

1. The matter is **REMANDED** to the Superior Court of Kern County; and
2. The Clerk of Court **is DIRECTED** to close this matter, because this Order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:  **June 20, 2012**                      /s/ Jennifer L. Thurston
                                              UNITED STATES MAGISTRATE JUDGE

4